NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ELISABEL MENDOZA, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 11-3363 (SRC) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Elisabel Mendoza ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated.

This is quite an unusual case. The parties have agreed that Administrative Law Judge Leonard Olarsch ("the ALJ") erred in his decision of October 28, 2010, and agreed as well that the matter should be remanded to the Commissioner for further proceedings. Yet they have been unable to agree on a form of order for a remand by consent. The question is, then: what is left to litigate?

In her letter of November 3, 2011, Plaintiff asks that this Court do one of two things: 1) remand solely for calculation of benefits; or 2) remand without restriction, but with "specific

instructions on the law to ensure compliance with binding Third Circuit case law and agency regulations." (Pl.'s 11/3/11 Letter at 2.) In response, the Commissioner asks that this Court remand the case for further proceedings, not solely for calculation of benefits, with other proposed comments and instructions.

To start, this Court wishes to be clearly understood that parties are strongly discouraged from asking this Court to provide legal education to the Commissioner of Social Security. Both parties ask this Court to issue particular guidance to the Commissioner on the law. Neither party has persuaded this Court that this Court is empowered by law to instruct the Commissioner, or that such instructions would accomplish anything, or that such guidance is anything more than an unseemly exercise in wrist-slapping.

This Court is authorized to review final decisions of the Commissioner by 42 U.S.C. § 405(g), which states, in relevant part: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The parties should note that § 405(g) does not authorize this Court to give advice, guidance, or instruction to the Commissioner, but only to enter judgment affirming, modifying, or reversing the decision of the Commissioner, and to specify whether the case is remanded for rehearing.[1] Neither party has pointed to any legal support for the proposition that a party has a right to request that this Court instruct the Commissioner on the law. Absent supporting authority, this Court has no basis for granting either party's requests for particular instructions.

---

[1] Section 405(g) also contains a provision authorizing the Court to Order the Commissioner to take additional evidence, but this is not at issue here.

This leaves only the issue of whether this Court will remand the case only for calculation of benefits. On this subject, the Third Circuit has stated:

> The decision to direct the district court to award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits. When faced with such cases, it is unreasonable for a court to give the ALJ another opportunity to consider new evidence concerning the disability because the administrative proceeding would result only in further delay in the receipt of benefits.

Podedworny v. Harris, 745 F.2d 210, 221-222 (3d Cir. 1984) (citations omitted). Under Podedworny, then, a remand solely for the calculation of benefits requires two findings: 1) that the administrative record has been fully developed; and 2) that the fully developed record shows that the claimant is disabled and entitled to benefits.

Plaintiff has not established that the first requirement has been met. Plaintiff's letter of November 3, 2011 argues that the record demonstrates that Plaintiff is disabled and entitled to benefits, but does not even assert, much less persuade, that the administrative record has been fully developed. Plaintiff has failed to establish that the Third Circuit's requirements for a remand solely for calculation of benefits have been met.

Neither party has persuaded this Court that it may or should do anything beyond what the parties have already consented to, which is to vacate the Commissioner's decision and remand for further proceedings. Based on the consent of the parties, the Commissioner's decision is vacated and remanded for further proceedings. Both parties' requests for additional relief are denied.

                                                 s/ Stanley R. Chesler
                                               STANLEY R. CHESLER, U.S.D.J.

Dated: February 9, 2012